Valley Forge Racing Association, Inc., Appellant,
*v.* Commonwealth of Pennsylvania, State Horse
Racing Commission, Appellee.

Valley Forge Racing Association, Inc., Appellant,
*v.* Commonwealth of Pennsylvania, State Horse
Racing Commission, Appellee.

Argued December 2, 1974, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, ROGERS and
BLATT. Judges WILKINSON, JR., and MENCER did not
participate.

*Perrin C. Hamilton*, with him *Walter T. Darmopray, Joseph A. Malloy, Jr.* and *Hamilton, Darmopray & Malloy*, for appellant.

*James F. Cendoma*, General Counsel, for appellee.

*Bernard A. Ryan, Jr.*, with him *Gordon W. Gerber, James M. Roosevelt* and *Dechert, Price & Rhoads*, for intervenor, Shamrock Racing Association, Inc.

OPINION BY JUDGE KRAMER, January 15, 1975:

These cases involve two appeals filed by Valley Forge Racing Association, Inc. (Valley Forge) from actions taken by the Pennsylvania State Horse Racing Commission (Commission), as described hereinafter. These cases were consolidated for argument and decision by an Order of the President Judge of this Court.

## CASE AT NO. 1133 C. D. 1973

The first case, at No. 1133 C. D. 1973, involves an appeal from the refusal of the Commission to consider a Valley Forge application for a license to conduct thor-

oughbred horse racing activities in the Commonwealth, and a denial of a request by Valley Forge for a hearing on that application. The denial was in the form of a letter signed by the general counsel of the Commission addressed to the attorney for Valley Forge. The entire body of the letter reads as follows:

"Regarding your request for a hearing on an application for a license to conduct Thoroughbred Horse Racing in Pennsylvania, be advised that at the present time there are no licenses available. Therefore, the Commission feels that at this time, a hearing would serve no useful purpose."

On August 22, 1973, Valley Forge appealed to this Court and also filed exceptions based upon allegations under which it contends that some of the six existing licenses renewed by the Commission were improperly issued.

The main issue presented by Valley Forge, in case No. 1133 C. D. 1973, is whether the Commission erred in refusing to grant a hearing on its refusal to approve the application for a license by Valley Forge. Valley Forge contends that it has an absolute right to a hearing under the provisions of section 20 of the Thoroughbred Horse Race Meeting Corporations Act (Act), Act of December 11, 1967, P.L. 707, *as amended,* 15 P.S. §2670, which reads in pertinent part:

"If the State Horse Racing Commission shall refuse to grant a license applied for under this act . . . the applicant . . . may demand, within ten days after notice of the said act of the commission, a hearing before the commission and the commission shall give prompt notice of a time and place for such hearing at which the commission will hear such applicant. . . in reference thereto."

In this case, while the letter of Valley Force accompanying its application for a license does not use the word "demand," we believe that it should be construed as a demand for a hearing, and, therefore, it was in compli-

ance with the Act. The jurisdiction of this Court to review the action of the Commission is found in section 20 of the Act, 15 P.S. §2670, wherein it is stated:

"The action of the commission in refusing to grant a license ... shall be reviewable by the [Commonwealth Court] as provided in the act of June 4, 1945 (P.L. 1388), known as the 'Administrative Agency Law'."

The provisions of section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.44, provide that this Court may review administrative adjudications for, *inter alia,* errors of law, and may remand a case to a regulatory agency.

The Commission's contentions in this case are that Valley Forge has no standing to take an appeal and that the letter of the General Counsel of the Commission, quoted above, was not a final order from which an appeal could be taken. We conclude that neither of the Commission's contentions are meritorious. On the question of standing, Valley Forge became an applicant when it filed its application, and it thus has standing under the holding of our Supreme Court in *Man O' War Racing Association, Inc. v. State Racing Commission,* 433 Pa. 432, 250 A. 2d 172 (1969). Regarding the Commission's second contention, it should be noted that Valley Forge in this case does not seek a reversal of the Commission's action in refusing to grant the license for which it applied. Valley Forge only seeks a hearing to establish a record upon which it will be able to determine the basis for that refusal, and for possible use in appellate review if it believes the Commission's action amounted to an abuse of discretion or an error of law. Whether, in fact, Valley Forge is entitled to have its application passed upon because of the improper issuance or renewal of six existing licenses (which is the maximum number permitted under section 5 of the Act, 15 P.S. §2655), is a

justiciable matter which must be heard upon the demand of an applicant.

In reaching this conclusion, we want to make it clear that in no manner should this determination be considered an approval of Valley Forge's application, nor should it be considered as restricting the Commission from establishing any procedure under which it may consider the applications of other applicants, if it should decide that in fact there are less than six licenses legally issued or renewed under the Act.

## CASE AT NO. 1677 C. D. 1973

In case No. 1677 C. D. 1973, Valley Forge has appealed from the action of the Commission in renewing the license of the Shamrock Racing Association, Inc. (Shamrock).[1] The appeal in this case was filed on December 14, 1973, together with Valley Forge's exceptions to the Commission's decision to renew the license of Shamrock. Although the exceptions set forth 16 specific allegations of improper conduct by Shamrock and the Commission, nowhere in the record before us has Valley Forge made any reference to the date of the Commission's actions about which it complains. We know for certain that Valley Forge is appealing from the Commission's action involved in a renewal of the license of Shamrock, but we have no way of knowing when that action occurred. The problem created by this situation becomes obvious when one realizes that this Court does not have jurisdiction to entertain an appeal taken more than 30 days after the entry of the regulatory action about which there is complaint. *See* Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673 §502, 17 P.S. §211.502(a). As a result of this faulty procedural aspect of the case, we must dismiss the appeal.

---

1. In No. 1677 C. D. 1973, Shamrock was permitted to intervene as a party appellee.

However, because of the importance of the issue before the Court, we state for the guidance of all concerned that under the holding of our Supreme Court in *Valley Forge Racing Association v. State Horse Racing Commission*, 449 Pa. 292, 297 A. 2d 823 (1972), Valley Forge, or any other "disappointed applicant" has a right to appeal from any renewal of a license for thoroughbred horse racing which they believe is improperly issued. In *Valley Forge* the Supreme Court held that mandamus would not lie to compel the Commission to revoke a license. One of the bases for this holding was the Supreme Court's determination that a "disappointed applicant" has a right to an administrative appeal from an "order of renewal." Justice POMEROY, in that opinion, stated in unequivocal terms:

"Section 7(a) of the Horse Racing Act specifies that a license runs only for one year, after which it must be renewed. If a disappointed applicant such as Valley Forge is dissatisfied with the Commission's order of renewal, his recourse is an appeal from that decision. See Man O' War Racing Association, supra. This is the very type of appropriate and adequate remedy that courts have traditionally viewed as defeating a cause of action in mandamus." 449 Pa. at 296-97, 297 A. 2d at 825.

In light of the above discussion, we trust that the Commission will make any necessary amendments to its rules and regulations so as to protect the interests of all parties concerned. We therefore

## ORDER

AND NOW, this 15th day of January, 1975, based upon the above opinion, it is ordered that the case docketed in this Court at No. 1133 C. D. 1973 be and it hereby is remanded to the State Horse Racing Commission for the purpose of calling a hearing to receive testimony and evidence on the issue of whether the Commission can or

should grant or deny the request for a license to carry on thoroughbred horse racing activities by Valley Forge Racing Association, Inc., and to render an adjudication thereon; and, it is further ordered that the appeal of the Valley Forge Racing Association, Inc. filed at docket No. 1677 C. D. 1973 in this Court, be and hereby is dismissed.