In the Matter of: Western Pennsylvania Conservancy v. Commonwealth of Pennsylvania, Department of Environmental Resources and Laurel Mountain Development Corporation. Laurel Mountain Development Corporation, Appellant.

Argued October 27, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas P. Donahoe,* with him *John L. Spiegel,* and *Plowman and Spiegel,* for appellant.

*Marvin A. Fein,* for appellee, Western Pennsylvania Conservancy.

*Eugene E. Dice,* Assistant Attorney General, for Department of Environmental Resources.

OPINION BY PRESIDENT JUDGE BOWMAN, January 17, 1977:

This is an appeal from an adjudication and order of the Environmental Hearing Board (EHB) sustaining the appeal of the Western Pennsylvania Conservancy (Conservancy) and withdrawing the consent of the EHB to a settlement agreement entered into between the Department of Environmental Resources (DER) and the Laurel Mountain Development Corporation (Laurel Mountain).

On February 14, 1974, Laurel Mountain, as intervenor, appealed from a decision of DER denying Water Quality Management Permit Application No. 5673408 submitted by the Jenner Area Joint Sewer Authority (Authority) for the construction of a sewage facility to serve undeveloped areas of Laurel Mountain Village, a subdivision owned by Laurel Mountain and located in Jenner Township (Town-

ship), Somerset County. After several days of hearings over a period of eight months, DER and Laurel Mountain entered into negotiations resulting in a settlement agreement. This agreement provided that DER would issue the sewage permit upon fulfillment of a number of conditions by Laurel Mountain, the Authority, and the Township, although neither the Township nor the Authority were parties to the agreement. The agreement also provided for on-site holding tanks for a period of four years from the date the permit was issued while the sewage facility was being constructed.

This agreement was approved by the EHB and notice of its substantive provisions was published in the Pennsylvania Bulletin pursuant to the Rules and Regulations of the EHB.

Thereafter, the Conservancy appealed from the proposed settlement agreement. After hearings, the EHB issued an adjudication wherein it concluded that the proposed sewage facility of the Authority could not accommodate the full development of Laurel Mountain Village contemplated in the settlement agreement. Therefore, the EHB withdrew its consent from the agreement and remanded the matter to the DER and Laurel Mountain for a determination of the number of connections that could be made without overloading the proposed sewage facility, with instructions that the number of temporary holding tanks be restricted to that number. This appeal by Laurel Mountain followed.

The Conservancy has moved to quash on the ground that the adjudication and order of the EHB is interlocutory and non-appealable and DER has moved to dismiss the appeal as moot. On the merits, Laurel Mountain asserts that the EHB erred in determining that the Conservancy had standing to appeal the settlement agreement and in withdrawing its con-

sent thereto. Because we view the appeal as moot, we need not decide the other issues raised.

DER asserts and Laurel Mountain does not dispute that on or about October 8, 1975, the Authority unanimously voted to withdraw Permit Application No. 5673408, the denial of which was the subject of Laurel Mountain's original appeal to the EHB, resulting in the settlement agreement from which the present appeal was taken. We note that this event occurred some seven months *before* the EHB's adjudication withdrawing its consent from the settlement agreement and, incredibly, was not brought to the EHB's attention.[1] In any event, DER argues that absent a permit application, it lacks authority to issue a permit, it cannot possibly comply with the settlement agreement or remand order, there is no relief which this Court can grant and that the matter is therefore moot.

Laurel Mountain responds first with the rather novel argument that the fact of the withdrawal of the application is dehors the record and that since DER could (if it had known) have raised this issue before the EHB, it is now foreclosed from doing so, citing *Keystone Building Corp. v. Lincoln Savings and Loan Ass'n.*, Pa. , 360 A.2d 191 (1976) and *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A. 2d 114 (1974). These cases stand for the general proposition that objections and issues not raised in the lower court cannot be raised, for the first time, on appeal and are based on considerations of judicial economy and the view that the trial court should be given an opportunity to correct possible errors. This principle is not applicable to a consideration of moot-

---

[1] Counsel for DER states that he was not made aware of the withdrawal of the application until some time in June, 1976, after this appeal was filed.

ness which is based on the want of an actual controversy and the inability of the court to grant relief. *See Commonwealth ex rel. Watson v. Montone*, 227 Pa. Superior Ct. 541, 323 A.2d 763 (1974); *see also Scranton School District v. Scranton Federation of Teachers*, 445 Pa. 155, 282 A.2d 235 (1971), and *Boone v. Tate*, 4 Pa. Commonwealth Ct. 101, 286 A.2d 26 (1972). That the basis for a motion to dismiss on mootness is dehors the record has never, to our knowledge, been a bar to granting such motion. In the cases cited above, the events which rendered the appeals moot occurred after the appeals were filed or even after argument and were obviously dehors the record.

However, Laurel Mountain argues, even if the withdrawal of the application is properly at issue, such withdrawal does not render the instant appeal moot. This argument is based on the contention that the purpose of the settlement agreement was merely to bind Laurel Mountain and DER to certain conditions, the fulfillment of which would result in a permit issuing, and that the action of the Authority, which was not a party to the agreement, does not affect the purpose or validity of that agreement. Laurel Mountain analogizes the current absence of a permit application to the other conditions in the agreement which contemplate some action on the part of the Authority or the Township, the point being that if the Authority should re-apply in the future, DER should remain bound by the terms of the agreement.

We disagree. The existence of the permit application is not a mere ''condition'' but instead is the subject matter and the very premise upon which the whole settlement agreement was based. The very first paragraph of the agreemenet provides:

> 1. Upon fulfillment of the conditions set forth in Paragraph 2 hereof, the Department shall issue a sewage permit (*per sewage appli-*

*cation No. 5673408*) to the Developer. (Emphasis added.)

While we are not unsympathetic to Laurel Mountain's desire, after months of hearings and negotiations, to bind DER to a consistent course of action, we simply cannot order DER to issue a permit based upon an application which may be sought in the future, which may be radically different from No. 5673408 and which may have to be considered in a different environmental context. Finding no meaningful relief that can be granted, we must dismiss this appeal as moot.

While we need not and do not pass on the other issues, we feel constrained to comment on the EHB's conclusion of law that the Conservancy had standing to appeal from the settlement agreement by virtue of its status as "[a]n environmental organization whose members use and enjoy state parks . . . where it appears that [the agreement] may result in harm to the state parks in question."[2] We would have some difficulty embracing such an expansive view of standing. Although this view is supported by the federal case law cited by the EHB,[3] we see no reason to depart from the somewhat stricter standard, developed in the Pennsylvania cases, with respect to who is a "person aggrieved" by an administrative adjudication. *See Community College of Delaware County v. Fox*, 20 Pa.

---

[2] Laurel Mountain Village is located on private property adjacent to two state parks in the Laurel Hills. While the Conservancy owns two tracts of land contiguous to the public lands, its holdings are fifteen (15) and thirty (30) miles respectively from Laurel Mountain Village. Thus standing, if it exists at all, must be based on the fact that members of the Conservancy use the public lands in the Laurel Hills. Their right to do so is, of course, no greater or less than that of the general public.

[3] *See, inter alia, Sierra Club v. Morton*, 405 U.S. 727 (1972); *Sierra Club v. Mason*, 351 F. Supp. 419 (D.C. Conn. 1972); and *Environmental Defense Fund v. TVA*, 468 F.2d 1164 (6th Cir. 1972).

Commonwealth Ct. 335, 342 A.2d 468 (1975) ; *Committee to Preserve Mill Creek v. Secretary of Health*, 3 Pa. Commonwealth Ct. 200, 281 A.2d 468 (1971) ; and *Louden Hill Farm, Inc. v. Milk Control Commission*, 420 Pa. 548, 217 A.2d 735 (1966).

ORDER

Now, January 17, 1977, the appeal of Laurel Mountain Development Corporation from the adjudication and order of the Environmental Hearing Board issued May 7, 1976, is dismissed as moot.