384 A.2d 1193

WYOMING SAND & STONE COMPANY, Appellant,

v.

DEPARTMENT OF REVENUE, Department of the Auditor General and Treasury Department of the Commonwealth of Pennsylvania.

Supreme Court of Pennsylvania.

Argued May 23, 1977.

Decided March 23, 1978.

Albert J. Tomalis, Jr., Harrisburg, for appellant.

Vincent X. Yakowicz, Sol. Gen., Donald J. Murphy, Deputy Atty. Gen., for appellee, Departments of Revenue and Treasury.

490

Frank P. Lawley, Jr., Chief Counsel, Robert P. Meehan, Deputy Counsel, Lester Eisenstadt, Deputy Auditor Gen., Harrisburg, for appellee, Department of Auditor General.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

ROBERTS, Justice.

Appellant Wyoming Sand & Stone Company (Wyoming Sand) appeals[1] from a unanimous order of the Commonwealth Court, sitting en banc, dismissing on preliminary objections its complaint in mandamus brought against appellees, the Department of Revenue, the Department of the Auditor General[2] and the Department of Treasury. Wyoming Sand sought to compel appellees to pay interest on a tax refund awarded Wyoming Sand by the Board of Review of the Bureau of Sales and Use Tax of the Department of Revenue. Wyoming Sand, dissatisfied with the amount of the refund, timely appealed. Wyoming Sand contends this award was wrongfully withheld during the appeal period and that interest should have been awarded on the challenged refund. We affirm the order of the Commonwealth Court.

### I

On July 24, 1974, Wyoming Sand filed a timely petition with the Board of Review of the Bureau of Sales and Use Tax of the Department of Revenue, seeking a refund of $150,000 in sales and use taxes allegedly overpaid. Wyoming Sand later reduced its claim to $121,667. On May 23,

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1977).

2. The Department of the Auditor General asserts that it is not a proper party to this proceeding because it has no duties in connection with the approval and payment of Sales and Use Tax refunds. Because of our disposition of the other questions in this case, we need not reach this issue.

1975, the Board of Review granted the Company a refund of $91,570.

On July 17, 1975, Wyoming Sand took a timely appeal to the Board of Finance and Revenue from the Board of Review determination. The Board of Finance and Revenue decided this appeal on December 10, 1975.[3]

Appellees did not pay the refund to Wyoming Sand on May 23, 1975. Instead they credited it against an unrelated assessment of $103,050 made against Wyoming Sand.[4] In a proper proceeding, Wyoming Sand contested all but $20,000 of this assessment. It also requested the $91,570 in cash. On July 24, 1975, it filed a complaint in mandamus seeking release of the $91,570, the subject of Wyoming Sand's administrative appeal, and interest from May 23, 1975, the date the Board of Review determined that the refund was due Wyoming Sand. The refund was paid on September 30, 1975, and Wyoming Sand amended its complaint to demand interest only.

## II

Wyoming Sand argues that appellees unlawfully detained the $91,570 refund between May 23, 1975 and September 29, 1975, because it became due and owing Wyoming Sand the day it was awarded by the Board of Review. Taxpayer asserts it should not have been applied towards the disputed $103,050 assessment because under section 241 of the Tax

**3.** We take judicial notice of this appeal and the date of the decision, both of which are matters of public record in an administrative proceeding closely connected with this case. See *Commonwealth ex rel. Jones v. Rundle,* 413 Pa. 456, 199 A.2d 135 (1964) (judicial notice taken of history of relator's case, even though that history involved formally separate proceedings); *Insurance Co. of North America v. National Steel Service Center, Inc.,* 391 F.Supp. 512, 518 (N.D.W.Va. 1975), aff'd mem., 529 F.2d 515 (4th Cir. 1976) (judicial notice taken of record in related cases to determine knowledge of party participating in all the cases).

**4.** Appellees stated at oral argument, contrary to Wyoming Sand's complaint, that the refund was not credited against this assessment. In this appeal, we must take the allegations of the complaint as true. E. g., *Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973).

Reform Code of 1971, Act of March 4, 1971, P.L. 33, § 241, 72 P.S. § 7241 (Supp.1977), refunds may not be credited without the taxpayer's consent against assessments not final, and this application was an abuse of appellees' discretion. Taxpayer further contends that because it had a clear legal right to this money, mandamus was a proper remedy to compel payment, and section 16 of the Mandamus Act of 1893 [5] allows damages calculated as interest for the period of unlawful retention.[6] Finally, it contends a mandamus action for damages alone may be maintained after the underlying wrong, the illegal detention of the refund, has been remedied.

■ We do not agree. Wyoming Sand overlooks the fact that it took an appeal from the refund and that by statute this appeal subjected the refund to increase or decrease by the Board of Finance and Revenue. 72 P.S. § 7254. Because of taxpayer's appeal, this award was not a final adjudication directing the payment of a sum certain. We hold that the Fiscal Code, Act of April 9, 1929, P.L. 343, §§ 1 et seq., as amended, 72 P.S. §§ 1 et seq. (1949 & Supp.1977), forbade appellees to release the refund to Wyoming Sand pending disposition of its appeal. Therefore, Wyoming Sand had no legal right to the refund pending appeal, appellees did not abuse their discretion by refusing to make the refund, and mandamus will not lie against appellees.

■ Mandamus lies "to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Valley Forge Racing Association v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824–25 (1972). Mandamus does not lie to compel an official to use his discretion in a particular way unless the official's conduct in the case has been "arbitrary, fraudulent, or based upon a mistaken view of the law." Id.

5. Act of June 8, 1893, P.L. 345, § 16, 12 P.S. § 1919 (1967).

6. Appellant does not argue that interest may be granted for any period during which refund money is not unlawfully detained.

When the Board of Review of the Bureau of Sales and Use Tax of the Department of Revenue either grants in part or denies a refund, a dissatisfied taxpayer has sixty days to appeal to the Board of Finance and Revenue. Tax Reform Code of 1971, Act of March 4, 1971, P.L. 38, § 254, 72 P.S. § 7254 (Supp.1977). The statute provides for appeal only by the taxpayer: the Commonwealth has no authority to appeal either a full or partial grant of a refund. On a taxpayer's appeal from a grant of a partial refund, the entire award is at issue: the Board of Finance and Revenue may increase, decrease or sustain the partial refund. Id.

Wyoming Sand chose to appeal to the Board of Finance and Revenue, seeking the entire $121,667 refund. It thus placed in question the whole refund, including the $91,570 awarded by the Board of Review. Id.

In order to make out a cause of action in mandamus, Wyoming Sand must show either (1) that it had a "clear legal right" to the refund and appellees had the legal duty to pay the $91,570 refund or (2) that appellees had the discretion to pay the refund and abused that discretion by failing to pay it. *Valley Forge Racing Ass'n,* supra. Because the Tax Reform Code made this refund tentative pending appeal, the Fiscal Code, discussed infra, prohibited appellees from paying the $91,570 refund during the appeal period.

The power of appellees to disburse Commonwealth funds is found in the Fiscal Code, Act of April 9, 1929, P.L. 343, §§ 1 et seq., as amended, 72 P.S. §§ 1 et seq. (1949 & Supp.1977). The Code protects the Commonwealth and the taxpaying public from misuse or lax handling of public funds. This statute directs the Treasury Department and other state agencies to disburse Commonwealth funds only after "audit and examin[ation]" to insure that expenditures are based "upon requisition pursuant to law." Id. § 307. Accord, id. §§ 1501–02 (disbursements allowed from state treasury only upon requisition determined "lawful and correct" by Treasury Department); cf. id. § 405 (directing Auditor General to "audit and adjust" accounts of parties

with claims against the Commonwealth); id. § 1003 (same). For the protection of the Commonwealth and its taxpayers, no payment may be made out of the state treasury which has not been finally determined to be legally owed.

This rule is no less true for payment of tax refunds by the Treasury. The Legislature indicated this when it included section 1108 of the Fiscal Code, 72 P.S. § 1108, providing that taxpayers may make payments to the Commonwealth before final determination of their taxes without forfeiting review by administrative and judicial tribunals. The Legislature did not, however, authorize the Commonwealth similarly to pay tax refunds before a final determination that such refund is due. In the absence of statutory authority, there is no basis for allowing the Commonwealth to make payments of tax refunds which the taxpayer is challenging on appeal. Such payments would contravene the objectives of the Fiscal Code.

Until the Board of Finance and Revenue rules on Wyoming Sand's appeal, it cannot be said with certainty that the challenged refund is "lawful and correct." Id. § 1502; see id. § 307. Appellees thus had no statutory authority, either mandatory or discretionary, to pay Wyoming Sand's $91,570 refund during the appeal period. Therefore, mandamus does not lie against appellees.

Wyoming Sand also argues that section 253 of the Tax Reform Code of 1971, 72 P.S. § 7253, when read with section 233 of the Code, 72 P.S. § 7233, permits immediate release of a partial refund pending further review requested by the taxpayer of the remainder of the claim. Section 253 authorizes the Department of Revenue to process claims for refunds. Section 233 allows assessments for the Commonwealth to recover erroneously granted refunds. Wyoming Sand asserts these sections evince a legislative intent to require payment of tentative refunds, because refunds subsequently reduced by the Board of Finance and Revenue are the type of refunds which could be collected under section 233 as erroneously paid.

■ We do not read the statute in this manner. Section 233 is a general provision explicitly authorizing the Department of Revenue to recover refunds paid because of clerical errors, fraud or the like. To read section 233 as Wyoming Sand urges would be to repeal by a tenuous implication the statutory scheme of the Fiscal Code, which forbids disbursements of Commonwealth funds not required by law. Such implied repeals are not favored and may be found only where there is no other reasonable way to reconcile two statutes, a situation not here presented. Statutory Construction Act, 1 Pa.C.S.A. § 1971(c) (Supp.1977).

Wyoming Sand, having failed to show a "clear legal right" to the $91,570 during the appeal period or to show an abuse of discretion by appellees' refusal to pay the refund on May 23, 1975, has failed to make out a cause of action in mandamus. *Valley Forge Racing Association v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824–25 (1972).

Accordingly, the order of the Commonwealth Court is affirmed.

POMEROY, NIX and MANDERINO, JJ., concur in the result.