Andreas Zafiropoulos and Fayetta Zafiropoulos, his wife, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Submitted on briefs, March 9, 1979, to Judges WIL-KINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Eugene J. Brew, Jr.*, with him *Dale and Brew*, for petitioners.

*Maxine Woelfling*, Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 16, 1979:

We are asked, in this case, to rule on preliminary objections filed by defendant, Department of Environmental Resources (Department) to plaintiffs' complaint in mandamus[1] seeking an order directing the

---

[1] On February 22, 1979, a motion to dismiss was also filed by the Department. Since this Court will sustain the Department's preliminary objections it becomes unnecessary for us to consider this more recent motion.

Department to issue a sewer extension permit to plaintiffs. After consideration of the pleadings and memoranda of law[2] we must sustain the Department's preliminary objections.

Since this Court finds that an action in mandamus will not lie for purposes of compelling the issuance of a sewer extension permit, further discussion of the underlying facts is unnecessary.

It is axiomatic that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. . . . Mandamus does not lie to compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law. (Citations omitted.)

*Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824-25 (1972). *See also Wyoming Sand & Stone Co. v. Department of Revenue,* 477 Pa. 488, 384 A.2d 1193 (1978); *Kaplan v. Smith,* 40 Pa. Commonwealth Ct. 95, 396 A.2d 493 (1979).

In Section 5 of The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* added by Section 4 of the Act of July 31, 1970, P.L. 653, 35 P.S. §691.5, the Legislature has indicated clearly an intention that the Department be vested with significant discretion in exercising its powers in this rapidly evolving and highly technical area:

---

[2] By order of President Judge Bowman, dated February 22, 1979, the Department's preliminary objections previously listed for oral argument on March 9, 1979 were submitted on briefs.

(a) The board and the department, in adopting rules and regulations, in establishing policy and priorities, in issuing orders or permits, and in taking any other action pursuant to this act, shall, in the exercise of sound judgment and discretion, and for the purpose of implementing the declaration of policy set forth in section 4 of this act, consider, where applicable, the following:

(1) Water quality management and pollution control in the watershed as a whole;

(2) The present and possible future uses of particular waters;

(3) The feasibility of combined or joint treatment facilities;

(4) The state of scientific and technological knowledge;

(5) The immediate and long-range economic impact upon the Commonwealth and its citizens.

*See Community College of Delaware County v. Fox,* 20 Pa. Commonwealth Ct. 335, 342 A.2d 468 (1975).

In this context we are unable to say, as we must in order to sustain this action in mandamus, that the submission of "all necessary and required forms, applications, modules, surveys and engineering data to Defendant" establishes a *clear right* to the relief sought by these plaintiffs.

Accordingly, we will enter the following

ORDER

AND Now, April 16, 1979, the preliminary objections of the Department of Environmental Resources are sustained and the plaintiffs', Andreas and Fayetta Zafiropoulos, complaint in mandamus is hereby dismissed.