Mr. & Mrs. Daniel E. Blevins and Nancy Lee Ellis, Petitioners *v.* New Garden Township, Respondent.

Argued April 12, 1985, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*John C. Snyder, Lentz, Cantor, Kilgore & Massey, Ltd.,* for petitioners.

*Kenneth A. Gelburd,* Assistant Counsel, for respondent, Department of Environmental Resources.

*Roger E. Legg,* for intervenor, Southeastern Chester County Refuse Authority.

OPINION BY JUDGE DOYLE, August 19, 1985:

This is an appeal by Petitioners, Mr. and Mrs. Daniel E. Blevins and Nancy Lee Ellis, from a July 9, 1984 decision of the Environmental Hearing Board (Board) which dismissed as moot Petitioners' appeal from the reissuance of a solid waste management permit (Permit No. 101069) to New Garden Township by the Department of Environmental Resources (DER) on May 7, 1982. The DER and New Garden Township are named as Respondents before this Court.

Permit No. 101069 was issued originally to the AAK Corporation in 1977, pursuant to the provisions of the Pennsylvania Solid Waste Management Act of 1968,[1] for the operation of a municipal waste landfill in London Grove Township, Chester County.[2] In January of 1981, New Garden Township applied to the DER for reissuance of Permit No. 101069 pursuant to the terms of 25 Pa. Code §75.22(f).[3] The application was granted in May of 1982. On June 11, 1982, Peti-

---

[1] Act of July 31, 1968, P.L. 788, *as amended, formerly* 35 P.S. §§6001-6017, repealed by the Solid Waste Management Act of 1980, Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§6018.101-6018.1003.

[2] This landfill was of the unlined or "natural renovation" variety, constructed to allow percolation of leachate through renovating soil, as permitted under 25 Pa. Code §75.24(c)(2)(xiv).

[3] (f) *Reissuance of permits.* Reissuance of permits shall be in accordance with the following:

(1) Permits are not transferable or assignable.

(2) If a change of ownership occurs, the new owner must submit the following:

(i) An application for a revised permit on a form to be provided by the Department.

(ii) A notarized statement attesting to the following items:

tioners appealed this action by the DER to the Board. On January 11, 1984, prior to any determination of the substantive merits of Petitioners' appeal, and apparently, prior to any actual operation of the landfill by New Garden Township,[4] the Township wrote a letter to the DER indicating its intention to relinquish all interest in Permit No. 101069 and further consenting to the reissuance of the permit to the Intervenor herein, Southeast Chester County Refuse Authority (SECCRA).

On January 31, 1984, SECCRA applied to the DER for reissuance of the permit. On July 9, 1984, the Board dismissed Petitioners' appeal as moot on the basis of New Garden Township's relinquishment and abandonment of the permit.

Petitioners first argue that Permit No. 101069 was extinguished upon its relinquishment and abandonment, by New Garden Township, and that due to such extinguishment, any attempt by the DER to reissue this non-existent permit must necessarily fail. They therefore agree with the Board that their appeal is moot, but request an additional finding that the actual extinguishment of the permit was the reason for such mootness.

---

(A) Verification of possession of all approved plans, maps, documents, schedules, and commitments approved by the Department.

(B) Statement of agreement and intent to comply with all the requirements, plans, stipulations, and commitments previously approved by the Department.

(iii) A clear and cogent narrative indicating the scheduling and procedure to be utilized in the transfer of ownership and subsequent operational intent.

[4] Additional correspondence of record sent to the Board by the attorneys representing New Garden Township and dated June 6, 1984, indicates that zoning difficulties prevented the Township from operating the landfill.

As an alternative to their first argument, Petitioners assert that if Permit No. 101069 was not extinguished, then their appeal is not moot, and the Board therefore should have treated it as a challenge to DER's reissuance of the permit to *anyone*. In support of this, Petitioners state first that under the terms of 25 Pa. Code §75.22(f), the original approval and issuance of a permit remains the basis for approval of any reissuance and secondly, that the bulk of their contentions on appeal applied to the geographical suitability of the landfill site itself rather than to the operation of the landfill by any particular permittee. Accordingly, Petitioners request that if we do not agree with their first mootness argument, we remand the case to the Board for a hearing on the merits of their appeal.

Respondent DER answers Petitioners' argument regarding mootness of the appeal by asserting that a unilateral relinquishment of a solid waste management permit is not possible, first because the power to issue and revoke such permits lies solely with the DER under the Solid Waste Management Act of 1980,[5] and secondly, because the privilege of operating a solid waste landfill carries with it an attendant responsibility to maintain the landfill site and comply with the provisions of a permit even long after actual operations on the site have ceased. In support of the latter proposition, we are referred to *Ryan Appeal*, 30 Pa. Commonwealth Ct. 180, 373 A.2d 475 (1977).

The DER further indicates its belief that the reissuance of Permit No. 101069 to *another* party might moot Petitioners' appeal, but that absent any evidence of such reissuance in the record, the Board's dismissal on mootness constituted an error of law.

[5] 35 P.S. §§6018.101-6018.1003. The DER refers us specifically to 35 P.S. §§6018.104(7), 6018.503(c) and (e), and 6018.602(a).

The DER merely requests that we remand this case to the Board for further proceedings.

Finally, Intervenor SECCRA agrees with the DER that there has been no extinguishment of Permit No. 101069. SECCRA argues, however, that Petitioners' appeal is nevertheless moot because, on October 16, 1984, Permit No. 101069 was reissued to SECCRA. SECCRA argues that any prematurity of the Boards' dismissal order has been cured by this reissuance and states that although the reissuance is a fact *dehors* the record, we should take notice of it and affirm the dismissal. *Western Pennsylvania Conservation v. Department of Environmental Resources,* 28 Pa. Commonwealth Ct. 204, 367 A.2d 1147 (1977) is cited in support.

We agree with SECCRA and the DER, primarily for the reasons propounded by the latter,[6] that there has been no *extinguishment* of Permit No. 101069. The appeal is not moot therefore for that reason. We also agree with the DER that the Board did commit an error of law by dismissing Petitioners' appeal as moot merely on the basis of New Garden Township's relinquishment letter. But, we are not entirely convinced that the prematurity of the Board's dismissal order has been cured by the alleged reissuance of the permit to SECCRA. We note that such reissuance was not a fact before the Board, as it is alleged to have occurred after the entry of the dismissal order. SECCRA has failed to provide any documentation of the reissuance of the permit to this Court, and Petitioners and Re-

---

[6] We note in addition that the Savings Clause accompanying repealer of the Pennsylvania Solid Waste Management Act of 1968, *formerly* 35 P.S. §§6001-6017, pursuant to which Permit No. 101069 was issued, provides that "all permits and orders issued, municipal solid waste management plans approved and regulations promulgated under such act shall remain in full force and effect unless and until modified, amended, suspended or revoked."

spondents clearly were unaware of it at the time their briefs were filed. Nevertheless, SECCRA *is* correct in its assertion that we may take notice of such a development should we consider it to be relevant to this appeal. *See Wyoming Sand & Stone Co. v. Department of Revenue,* 477 Pa. 488, 384 A.2d 1193 (1978). An event which occurs pending an appeal will support a dismissal for mootness if such event renders it impossible for the court to grant relief. *Western Pennsylvania; Commonwealth ex rel. Watson v. Montone,* 227 Pa. Superior Ct. 541, 323 A.2d 763 (1974). Under the present circumstances, however, we do not believe that the reissuance of Permit No. 101069 to SECCRA would necessarily render moot the instant appeal.

We feel there may be some merit to Petitioners' argument that their appeal should be treated as a challenge to any action by the DER which has resulted or may result in the reissuance of Permit No. 101069 to *anyone.* Petitioners' appeal to the Board named the DER as primary appellee, and raised, *inter alia,* the failure of the DER to require a traffic impact study, to assess the effect of a Pennsylvania Electric Company right of way which transverses the landfill site, to require the abatement of outstanding violations of DER regulations, and to take into account the fact that the landfill site is located in the habitat of an endangered species, viz., the Eastern Tiger Salamander. If Permit No. 101069 has in fact been reissued to SECCRA, then the above contentions are certainly moot as against New Garden Township, but they may very well form the basis of an extant controversy with the DER, and possibly, with SECCRA as well. Insofar as SECCRA has seen fit to interject itself into this controversy, we would see no inherent unfairness in now requiring SECCRA to defend the merits of these issues on appeal before the Board.

We conclude therefore, that this matter should be remanded to the Board for appropriate proceedings in light of all intervening developments in this case, such proceedings to include, if necessary, the consolidation of this appeal with any appeals from the reissuance of Permit No. 101069 to SECCRA which may currently remain outstanding before the Board.

ORDER

Now, August 19, 1985 the Order of the Environmental Hearing Board, No. 82-154-M, dated July 9, 1984, is hereby vacated. The record is remanded to the Board for proceedings consistent with this opinion. Jurisdiction relinquished.