IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss,                             :
                                        :
                    Petitioner          :
                                        :
            v.                          : No. 66 M.D. 2021
                                        : Submitted:  May 6, 2022
Pennsylvania Board of Probation         :
and Parole, Governor Tom Wolf,          :
                                        :
                    Respondents         :


OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                          FILED:  March 9, 2023


Before the Court are the preliminary objections (POs) filed by the Pennsylvania Parole Board (Board)[1] and Governor Tom Wolf (together, Respondents), to the *pro se* petition for review (Petition) filed in our original jurisdiction by Craig Moss (Parolee) seeking a writ of mandamus.  After careful review, we sustain a PO and dismiss the Petition with prejudice.

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board before this action commenced on March 10, 2021.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

In *Moss v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1084 C.D. 2019, filed April 29, 2020) (*Moss*),[2] this Court affirmed the Board's denial of credit for time spent at liberty on parole, reversed the Board's denial of credit for additional time served that we concluded should have been applied to Parolee's original sentence, and remanded the matter for further proceedings consistent with our opinion. We summarized the relevant background in *Moss* as follows. Parolee was convicted of arson and sentenced in 1997 to a term of 3 years, 6 months to 20 years, and he was convicted of aggravated assault and sentenced in 2000 to a term of 1 year, 3 months to 10 years, which resulted in an aggregated sentence of 4 years, 9 months to 30 years. *Moss*, slip op. at 2. Parolee was first paroled to a community corrections center in 2008. *Id.* However, between 2012 and 2016, Parolee was involved in several domestic disturbances, including an incident that led to him being arrested for assaulting his wife while intoxicated in May 2016. *Id.* The Board issued a warrant and detained Parolee pending disposition of those criminal charges. *Id.* Those charges were dismissed in July 2016, Parolee was released, and the Board credited Parolee for the time he spent in custody on those charges. *Id.* Parolee later sought and was granted expungement of the 2016 assault charges. *See* Petition, Exhibits A and B.

While still on parole, in January 2017, Parolee was involved in another incident while intoxicated, where he threatened patrons with a knife and was ejected

---

[2] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value."). It is appropriate for this Court to take judicial notice of documents that are filed and entered in our docket. *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) (taking judicial notice of docket entries that were not part of the original record).

from a bar. *Moss*, slip op. at 2. As a result of this incident, Parolee was arrested and charged with terroristic threats, simple assault, and other crimes, and he was convicted of possessing an instrument of crime and simple assault. *Id.* at 3. In 2018, Parolee was sentenced for those crimes to a term of one year less one day to two years less two days. *Id.* Based on these convictions, Parolee was recommitted as a convicted parole violator (CPV) to serve nine months' backtime, he did not receive credit for time spent at liberty on parole, and he received credit for time served which was applied to his original sentence. *Id.* In *Moss*, the Court affirmed the Board's denial of credit for time spent at liberty on parole, and reversed and remanded the Board's denial of credit for additional time served that we concluded should have been applied to Parolee's original sentence. *Id.* at 12. Parolee sought and was denied reargument, and he did not file an appeal in *Moss*.[3]

Parolee was paroled again by the Board on November 13, 2019, with a new maximum date of May 7, 2036. Respondents' POs, Exhibit A. One of the conditions of Parolee's release required him to "comply with supervision under the domestic violence protocol[,]" which required him to reside in a community setting in Lancaster, Pennsylvania, and not in his family home in Mount Wolf, Pennsylvania. *Id.* Parolee signed and dated his release form. *Id.* In his Petition, Parolee avers that his rights were violated when the Board refused to adhere to the expungement order, by refusing to allow him to live in his own home, to raise and educate his children, and to procreate with his wife. Petition ¶14. Through his

---

[3] Parolee also apparently filed a petition for a writ of habeas corpus with the United States (U.S) District Court for the Middle District of Pennsylvania, in an action entitled *Moss v. Woolf*, Docket No. 1:19-cv-2129 (M.D. Pa., 2020), which was dismissed as moot in an order dated March 2, 2020. Relevant here, the U.S. District Court noted that the dismissal did not affect Parolee's right to pursue a claim that the Board failed to comply with the expungement order through a mandamus action. *See* Petition, Exhibit F.

mandamus action, Parolee asks this Court to order Respondents to delete and destroy all information in their files pursuant to the expungement order, to pay $15,000 in damages, to grant him a new administrative hearing, and to allow him to move back to his family home. Petition ¶¶20-25.

Respondents filed POs alleging that Parolee's Petition should be dismissed for lack of verification pursuant to Pa. R.Civ.P. 1024, that the Court lacks original jurisdiction over Parolee's claim for money damages arising out of a tort action, that Parolee failed to join the Pennsylvania Department of Corrections (Department) as a necessary party pursuant to Pa. R.Civ.P. 1028(a)(5), and that Parolee failed to exhaust his administrative remedies pursuant to Pa. R.Civ.P. 1028(a)(7).[4] Parolee filed a brief opposing Respondents' POs, arguing, in relevant part, that he attached a verification to his brief, and that Respondents' legal arguments are without merit.[5]

Initially, we note that mandamus is not a common mode of review, and a party seeking mandamus relief must satisfy the applicable requirements.

---

[4] As this Court has explained:

> In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts. However, we "are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion." To sustain preliminary objections, "it must appear with certainty that the law will permit no recovery" and "[a]ny doubt must be resolved in favor of the non-moving party."

*Brouillette v. Wolf*, 213 A.3d 341, 350 n.9 (Pa. Cmwlth. 2019) (citations omitted).

[5] On January 11, 2022, the Court issued a Rule to Show Cause as to why Parolee's Petition should not be dismissed as moot because he was no longer incarcerated, to which Parolee responded. On February 18, 2022, the Court discharged the Rule to Show Cause and directed Parolee to respond to Respondents' POs, which he did.

4

"Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in [] [Petitioner], a corresponding duty in [] [Respondent(s)], and a want of any other appropriate and adequate remedy." *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 297 A.2d 823, 824-25 (Pa. 1972). "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996).

We turn first to Respondents' PO that Parolee failed to exhaust his administrative remedies as required by Pa. R.Civ.P. 1028(a)(7) to challenge the conditions of his parole. It is well settled that

> [a] party challenging administrative decision-making that has not exhausted its administrative remedies is precluded from obtaining judicial review by mandamus or otherwise. *Canonsburg General Hospital v. Department of Health*, [] 422 A.2d 141 ([Pa.] 1980). The primary purpose of the exhaustion doctrine is to ensure that claims will be heard, as a preliminary matter, by the body having expertise in the area. *St. Clair v.* [*Pennsylvania*] *Board of Probation and Parole*, [] 493 A.2d 146 ([Pa.] 1985). It further provides the agency with the opportunity to correct its own mistakes and to moot judicial controversies. *Id.*

*Matesic v. Maleski*, 624 A.2d 776, 778 (Pa. Cmwlth. 1993).

Respondents argue that although Parolee's Petition avers that the Board erroneously maintained records of charges that were expunged, the crux of Parolee's Petition is a challenge to the parole conditions that require him to reside outside his family home. Respondents argue that because Parolee failed to utilize the administrative review process available to him to challenge his parole conditions, his Petition seeking mandamus relief should be dismissed, citing in support *Jackson v. Pennsylvania Board of Probation and Parole*, 169 A.3d 1226 (Pa. Cmwlth. 2017)

5

(parolee must exhaust administrative remedies with the Board before he can challenge the Board's imposition of a special parole condition). Respondents argue that the governing case law, the Board's regulations, and the release form signed by Parolee, all require Parolee to exhaust administrative remedies before seeking mandamus relief with this Court. Parolee responds that exhaustion of administrative remedies is not required before he can file an action to enforce an expungement order. Parolee further responds that the Board was aware he was seeking to enforce an expungement order when he filed his federal complaint in *Moss v. Woolf*. Parolee further responds that he filed an administrative remedies form with the Department, and not with the Board, regarding the denial of his home plan, which he attached to his Brief. *See* Petitioner's Brief, Exhibit E.[6]

Generally, Section 6141 of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6141, authorizes the Board to make "general rules for the conduct and supervision" of offenders, and may "as it deems necessary to effectuate the purpose of parole, prescribe special regulations for particular persons." The purpose of parole is to supervise offenders while protecting the public, where the Board "shall first and foremost seek to protect the safety of the public." Section 6102(2) of the Parole Code, 61 Pa. C.S. §6102(2). Further, Section 6135(a)(3) and (7) of the Parole Code requires to the Board to consider many factors when making parole determinations, including the general character and background of the inmate, his physical, mental, and behavioral condition and history, his history of family violence, and his complete criminal record. *See* 61 Pa. C.S. §6135(a)(3) and (7).

---

[6] Parolee did not aver what, if any, action the Department took in response to his grievance. We reiterate that, here, Parolee did not file a petition for review of any Department or Board order in our appellate jurisdiction.

Regarding both general and special parole conditions, Section 63.5 of the Board's regulations states:

> (a) Parolees shall comply with special conditions which are imposed by the Board or which are subsequently imposed by the parole agent.
>
> (b) If problems arise or questions occur concerning the conditions of parole, the parolee shall consult with the parole agent, as it is the responsibility of the latter to help the parolee in the interpretation of the conditions of parole. If parolee is unable to contact his parole agent, he should contact the agent in charge of the district parole office.

37 Pa. Code §63.5.[7]  Should a parolee be dissatisfied with the response of a parole agent or the agent in charge of the district parole office, he may file an informal or a formal complaint with the Board, which clearly sets forth the facts and grounds for filing the complaint. *See* Sections 31.19, 35.5, and 35.9 of the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code §§31.19, 35.5, and 35.9.

Here, Parolee's release form included both general and special parole conditions, including the general condition that he reside in the approved residence in Lancaster County, and the special condition that he comply with supervision under the domestic violence protocol. Respondents' POs, Exhibit A. Also included in the release form is the following:

---

[7] *See also* Section 67.1(b) of the Board's regulations, 37 Pa. Code §67.1(b) ("If problems arise or questions occur concerning the conditions of parole or probation the parolee shall consult with the parole agent, as it is the responsibility of the latter to help the parolee in the interpretation of the conditions of probation or parole. If a parolee is unable to contact his parole agent, he should contact the agent in charge of the district parole office."); Section 67.1(c) of the Board's regulations, 37 Pa. Code §67.1(c) ("If a parolee violates the special conditions of this chapter, he shall be subject to arrest and revocation of his parole or probation as if he had violated the original conditions as outlined in Chapters 63 and 65.").

7. You shall comply with the special conditions listed on page 2 imposed by the Board and with special conditions imposed by the parole supervision staff.

Additionally, should problems arise, or questions occur concerning the conditions of your parole/reparole, consult with parole supervision staff, and they will help you in the interpretation of the Conditions of Parole/Reparole.

\*\*\*

If you think that any of your rights have been violated as a result of your parole supervision, you may submit a timely complaint in writing, first to the district director of the district office through which you are being supervised. If your complaint is not resolved to your satisfaction, you may then submit your complaint in writing to the [Parole Board], Office of Probation and Parole Services, 1101 South Front St. Suite 5400, Harrisburg, PA 17104-2520.

*Id.* Parolee's release form contains no reference to Parolee's expunged criminal history. *Id.* Again, we note that Parolee signed and dated this release form. *Id.*

Based on the foregoing, we conclude that Parolee failed to establish a clear legal right to direct the Board to alter the conditions of his parole. *Jackson*, 169 A.3d 1226; *Matesic*, 624 A.2d 776. Under the circumstances presented here, following his release on parole in 2020, Parolee should have contacted his parole agent, the director of his district parole office, and, ultimately, the Board to complain about the general and special conditions regarding his residence requirements on parole, but he did not. *See* 1 Pa. Code §§31.19, 35.5, and 35.9; 37 Pa. Code §§63.5 and 67.1. *See also Jackson*, 169 A.3d at 1230-31. Parolee did not assert that these administrative remedies were unavailable, facially unconstitutional, or inadequate, such that seeking such administrative relief would be futile. *See Keystone ReLeaf LLC v. Pennsylvania Department of Health*, 186 A.3d 505, 519 (Pa. Cmwlth. 2018); *Turner v. Board of Probation and Parole* (Pa. Cmwlth., No. 183 M.D. 2019, filed October 13, 2020). Because Parolee failed to exhaust this adequate and available

8

administrative remedy, he is not entitled to the grant of the requested mandamus relief.

Accordingly, we sustain Respondents' PO regarding the exhaustion of administrative remedies, and we dismiss the Petition with prejudice.[8]

---

[8] "In light of this determination, we need not address the remaining POs." *Keystone ReLeaf LLC*, 186 A.3d at 519 n.16.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss, : 
 : 
Petitioner : 
 : 
v. : No. 66 M.D. 2021
 : 
Pennsylvania Board of Probation : 
and Parole, Governor Tom Wolf, : 
 : 
Respondents : 

**PER CURIAM**

# **O R D E R**


AND NOW, this 9th day of March, 2023, the Respondents' preliminary objection is SUSTAINED, and Petitioner's Petition for Review seeking a Writ of Mandamus is DISMISSED with prejudice.