## Excellent Laundry Co. *v.* Szekeres, Appellant.

Argued April 19, 1955. Before STERN, C. J.,
STEARNE, JONES, CHIDSEY and ARNOLD, JJ.

*Edward I. Weisberg,* with him *David N. Feldman,*
for appellant.

*Samuel I. Sacks,* with him *Lee B. Sacks,* for appel-
lee.

OPINION BY MR. JUSTICE JONES, May 23, 1955:

This appeal from a final decree enforcing the defendant's covenant in partial restraint of trade must be dismissed as moot for a reason that will at once become apparent.

The Excellent Laundry Company, plaintiff, filed its complaint in equity seeking to enjoin its former employee, Anton Szekeres, the defendant, from soliciting customers of the plaintiff in violation of his written contract of employment with the plaintiff. The complaint averred that, in consideration of the defendant's employment by the plaintiff, the defendant had agreed in writing not to solicit for a period of one year customers of the plaintiff company within the area of the defendant's assigned route after the termination of his employment; that the defendant was discharged for cause in November, 1953; and that he thereafter solicited customers of the plaintiff company in violation of his covenant. The plaintiff prayed for a decree restraining the defendant from further violations of his covenant and for an accounting of the fruits of his improper solicitation of the plaintiff's customers. A preliminary injunction was granted and, after an answer by the defendant on the merits, the matter came on for a hearing. The learned chancellor in due course filed an adjudication wherein he sustained the material averments of the bill and entered a decree *nisi* enjoining the defendant from soliciting customers of the plaintiff company within a specifically described local area "for the period ending November 15, 1954." Defendant's exceptions to the adjudication and decree *nisi* were dismissed on September 23, 1954, and on November 29, 1954, the decree *nisi* was duly made final. From that decree, the defendant appealed on December 18, 1954.

It thus clearly appears that the restraint imposed on the defendant by the decree appealed from expired by its terms on November 15, 1954. The restraint was, therefore, no longer in effect when the appeal from the final decree was taken on December 18th following. Indeed, it had already expired when the final decree was entered on November 29, 1954. Consequently, the appeal does not present a justiciable issue.

Nor is the mootness of the decree in any way affected by the prayer of the plaintiff's complaint for an accounting of the defendant's unjust gains or by the chancellor's confirmatory conclusion of law in such regard. The fact is that, in the plaintiff's requests for findings and conclusions, it conceded that its compensatory damages were "not exactly ascertainable" and, therefore, claimed only that "the defendant is liable in punitive damages." However, the decree did not direct an accounting by the defendant nor did it award the plaintiff any damages. It did no more than restrain the defendant from soliciting the plaintiff's customers during the period ending November 15, 1954. As that period has now passed, the question of whether the inhibition was improper is obviously academic. The function of a court is to redress existing wrongs. And, where, as here, even a determination of the matter in the defendant's favor would not undo the priorly existing but expired restraint, no useful purpose would be served by a consideration of the appeal. The law is not concerned with matters that have become moot, and the rule is well and wisely established that a court will act only where a real controversy exists.

The appeal is dismissed at the appellant's costs.