381 A.2d 448

Mrs. Cyril G. FOX and Natural Lands Trust, Inc., Appellants,

v.

CENTRAL DELAWARE COUNTY AUTHORITY, Community College of Delaware County and Community College of Delaware County Authority, Appellees,

Township of Marple, Intervening-Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 20, 1977.

Decided Dec. 23, 1977.

Dechert, Price & Rhoads, Robert J. Sugarman, Philadelphia, for appellants.

Gibbons, Buckley & Smith, D. Barry Gibbons, Media, for appellees, Delaware County Community College, et al.

W. Charles Hogg, Jr., Philadelphia, for appellee, Central Delaware County Authority.

Howard Farber, Media, for intervening appellee, Township of Marple.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PACKEL, Justice.

On March 5, 1972, the Department of Environmental Resources issued a permit to Central Delaware County Authority for an interceptor extension sewer designed for the use of Community College of Delaware County and for potential use arising out of future development of the area.[1] Mrs. Cyril G. Fox and Natural Lands Trust, Inc., filed a

1. The permit was issued under the provisions of the Act of June 22, 1937, P.L. 653 *as amended,* 35 P.S. § 691.5.

timely administrative appeal to the Environmental Hearing Board.[2] After a hearing the Board denied a petition for supersedeas and subsequently, after an adjudication, entered its final order vacating the permit and remanding the case "to the Department for further studies and proceedings consistent with this adjudication."

The Authority appealed to the Commonwealth Court on May 20, 1974. On June 12, 1974, that Court granted a supersedeas and reinstated the permit. After exceptions were filed, the Court, on June 29, 1974, affirmed the order of supersedeas. On July 18, 1975, the Commonwealth Court reversed the Board and ordered reinstatement of the permit.

On appeal to this Court briefs were filed by the parties; by an intervening party, Township of Marple; and by the following amici curiae, Department of Environmental Resources, Environmental Law Council of the University of Pittsburgh Law School, Western Pennsylvania Conservancy and Pennsylvania Municipal Authorities Association. We are asked to affirm or to reverse. The amicus brief of the Department of Environmental Resources requests us to modify, reverse or narrow the decision of the Commonwealth Court. All the briefs raise serious questions of broad significance with respect to the impact of Article I, Section 27, of the Pennsylvania Constitution upon the functioning of an administrative agency.

At the oral argument in which all the interested parties participated this Court was informed that the sewer extension involved is built and in operation, and no one objects to its continued use by the Community College. Accordingly, there arises the question as to whether there is any longer an issue as to the propriety of the construction of the sewer.

The only real issue appears to be what future uses should be permitted for an authorized sewer. That would raise a new issue that has not been heretofore considered

2. The Board is in existence and operates under the Act of December 3, 1970, P.L. 834 §§ 14 and 20, 71 P.S. §§ 180-2 and 510-21.

either administratively or judicially. No reason has been urged upon this Court for adjudicating an issue which has not been considered in prior proceedings. The grant of a right to construct a sewer extension is an entirely different question from the right to make additional connections to an existing sewer.

The issue of the propriety of the grant of a sewer permit is not before us because no request or demand is being made for the undoing of what was done under the permit. Counsel for the appellants orally suggested that the case be remanded to the Environmental Hearing Board to restrict the use of the sewer by future applicants. That is a new issue that can be raised at any time by seeking an appropriate administrative order, followed up by an appeal if necessary. In *D. E. R. v. Boro. of Carlisle,* 16 Pa.Cmwlth. 341, 349, 330 A.2d 293, 298 (1974), it is pointed out: "Where it is found necessary to meet the objective of the Act the DER may issue appropriate orders including orders to prohibit additional sewer connections. Section 5 of The Clean Streams Law, 35 P.S. § 691.203(b) (Supp.1974–1975)."

The issue before the administrative agency and before the Commonwealth Court has been mooted by the authorized construction of the sewer and by the lack of any contention that the present operation of the sewer should be stopped.

Although consideration of the potential use of the sewer may well have been appropriate to the issue of whether the sewer permit should be granted, the circumstances have changed in that we now have an entirely new issue which has not been litigated. The old controversy which was litigated, *i. e.,* authority to construct the sewer, is no longer a matter of controversy. It is tersely and cogently pointed out in *Excellent Laundry Co. v. Szekeres,* 382 Pa. 23, 25, 114 A.2d 176, 177 (1955): "The function of a court is to redress existing wrongs. . . . The law is not concerned with matters that have become moot, and the rule is well and

wisely established that a court will act only where a real controversy exists."

Appeal dismissed as moot.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. The issue before us is not moot. Appellants objected to the construction of the sewer before it was constructed. They are entitled to a review as to whether the permit was properly issued. If the permit was not properly issued, they are entitled to a remedy. The remedy could be an order that the sewer be torn out or a *lesser* remedy that the sewer be limited in use. Because appellants are asking for the less drastic remedy is no reason to deny them appellate review of whether the permit was properly issued in the first place.