**Frank L. TAYLOR, Chief of Police, Emmaus Borough**

v.

**BOROUGH COUNCIL EMMAUS BOROUGH, Appellant.**

**THE MORNING CALL, INC.**

v.

**The BOROUGH OF EMMAUS, the Council of the Borough of Emmaus, Michael Nonnemacher, Patricia Gross, Raymond Wetherhold, Otto Slozer, Richard Zayaitz, Thomas Petro, and Brent Labenberg, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided Nov. 19, 1998.

Jeffrey A. Bartges, Emmaus, for appellant.

Malcolm J. Gross, Allentown, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

The Borough of Emmaus (Emmaus) and the Emmaus Borough Council (Council) (together, the Borough) appeal from an amended final decree of the Court of Common Pleas of Lehigh County (trial court) which (a) provides that the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286, prohibits an agency from holding an executive session for the purpose of taking the testimony of witnesses, and (b) enjoins each member of the Borough from taking the testimony of witnesses at any meeting not open to the public, except to the extent authorized by 65 P.S. § 286.[1] We reverse.[2]

To better understand the Borough's objection to the trial court's amended final decree, a brief recitation of the proceedings in this case is necessary. On July 1, 1996, the Council met for a regular Council meeting. At the meeting, the Council voted to go into an executive session "to discuss a personnel matter."[3] (R.R. at 73a.) Upon reconvening the Council meeting, the Council appointed a law firm as special counsel to investigate the personnel matter discussed in executive session.

As part of the investigation, the special counsel was directed "[t]o interview and investigate all such witnesses and other people with pertinent information" regarding the matter at issue. (R.R. at 64a.) Because two former employees of Emmaus refused to meet with the special counsel or to provide statements as to what they saw when employed by Emmaus, the Council, pursuant to section 1014 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46014, issued subpoenas to the former employees to testify on behalf of the Borough. The witnesses failed to comply with the subpoenas, and the Council filed a petition for enforcement of the subpoenas in the trial court. On May 8, 1997, the trial court granted the petition and ordered the witnesses to testify at a hearing in accordance with the subpoenas. On May 23, 1997, Emmaus' Chief of Police, Frank L. Taylor, the apparent subject of the investigation, sent a letter to the Council's president requesting that the Council discuss the matter at an open meeting rather in an executive session.[4]

On May 30, 1997, The Morning Call, Inc. (The Call), a newspaper of general circulation in Lehigh County, and Taylor each filed a petition for preliminary injunction and a complaint seeking declaratory and injunctive relief in the trial court. The Call and Taylor alleged that the Council was going to hold a private meeting or hearing on June 2, 1997 in violation of the Sunshine Act; thus, The Call and Taylor requested that the trial court issue an order mandating that the Council conduct the June 2, 1997 meeting, and all other meetings involving Taylor's employment, in a session open to the general public. The trial court consolidated the two

1. Section 16 of the Sunshine Act, 65 P.S. § 286, provides:

   § 286. Confidentiality

   All acts and parts of acts are repealed insofar as they are inconsistent herewith, excepting those statutes which specifically provide for the confidentiality of information. Those deliberations or official actions which, if conducted in public, would violate a lawful privilege or lead to the disclosure of information or confidentiality protected by law, including matter related to the investigation of possible or certain violations of the law and quasi-judicial deliberations, shall not fall within the scope of this act.

2. In its brief to this court, the Borough also attempts to challenge the trial court's underlying grant of a preliminary injunction that enjoined the Council from conducting a June 2, 1997 proceeding, unless the Council opened the proceeding to the public. The Borough never preserved this issue for our review. Nevertheless, even if the Borough had preserved this issue for our appellate review, it would not prevail. *See* discussion *infra*.

3. The personnel matter before the Council involved accusations of misconduct made by the Council president against the Borough Police Chief Frank L. Taylor.

4. Taylor's letter stated: "Pursuant to the provisions of 65 PS Section 278 (Sunshine Law), myself, as an individual who's [sic] rights can be adversely affected at an executive session scheduled on Tuesday, May 27, 1997, at 7:00 P.M., respectfully request the matter or matters be discussed at an open meeting." (R.R. at 67a.)

actions and, on June 2, 1997, issued an order preliminarily enjoining the Council from "conducting the proceeding, now scheduled for June 2, 1997, at which the testimony of witnesses will be taken concerning allegations of misconduct by Police Chief Frank Taylor, unless said proceeding is open to the public...." (R.R. at 6a.) The Council took the witness' testimony the evening of June 2, 1997, and, in accordance with the trial court's order, the hearing occurred in open session.[5]

On August 22, 1997, the trial court held a hearing on the consolidated declaratory judgment complaints filed by The Call and Taylor, concerning the imposition of a permanent injunction. In an amended final decree,[6] filed February 2, 1998, the trial court (1) determined that the Sunshine Act prohibits an agency from holding an executive session for the purpose of taking the testimony of witnesses, and (2) permanently enjoined the Borough from taking the testimony of witnesses at any meeting not open to the public, except to the limited extent authorized by 65 P.S. § 286. The Borough now appeals from the amended final decree entered by the trial court.[7]

Section 4 of the Sunshine Act provides that "[o]fficial action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed" under an exception to the Sunshine Act. 65 P.S. § 274 (emphasis added). Thus, the Sunshine Act applies to this case only if the Council's taking of further witness testimony, as part of its ongoing investigation of Taylor, constitutes "official action" or "deliberations." We conclude that it does not.

"Official action" is defined in section 3 of the Sunshine Act as: "(1) Recommendations made by an agency pursuant to statute, ordinance or executive order. (2) The establishment of policy by an agency. (3) The decisions on agency business [8] made by an agency. (4) The vote taken by any agency on any motion, proposal, resolution, rule, regulation, ordinance, report or order." 65 P.S. § 273. In examining the circumstances of this case, we conclude that the Council's taking of witness testimony does not constitute "official action." Here, the Council voted on July 1, 1996 to appoint a special counsel to investigate Taylor. The taking of witness testimony is being conducted only as part of this investigative proceeding, and the actual taking of the testimony will produce no votes or decisions on agency business, nor will any recommendations or establishment of policy

---

5. As indicated above, even if the Borough had challenged the trial court's June 2, 1997 preliminary injunction, the Borough would not prevail because the issues surrounding that preliminary injunction are moot. As our supreme court has stated, " '[t]he function of a court is to redress existing wrongs... The Law is not concerned with matters that have become moot, and the rule is well and wisely established that a court will act only where a real controversy exists.' " Fox v. Central Delaware County Authority, 475 Pa. 623, 626–27, 381 A.2d 448, 449–50 (1977) (quoting Excellent Laundry Co. v. Szekeres, 382 Pa. 23, 25, 114 A.2d 176, 177 (1955)). Here, after the trial court entered the June 2, 1997 preliminary injunction, the Borough did not appeal from the trial court's order but, rather, conducted the June 2 proceeding as scheduled. Because the disputed subject of the preliminary injunction, the June 2 proceeding, took place and the witnesses testified, that proceeding would no longer be a matter of real controversy before this court.

6. The trial court originally made the injunction permanent in a final decree, dated December 29, 1997; the trial court (1) determined that the Sunshine Act prohibits an agency from holding

an executive session for the purpose of taking the testimony of witnesses, and (2) permanently enjoined the Borough from taking the testimony of witnesses at any meeting not open to the public. Thereafter, the Borough filed a motion for post-trial relief requesting that the trial court reconsider and modify the final decree. In an amended final decree, filed February 2, 1998, the trial court granted the Borough's motion for post-trial relief and amended the December 29, 1997 final decree.

7. Our scope of review of a final decree in equity is limited. Shippenville–Elk Township Volunteer Fire Department v. Ladies Auxiliary of the Shippenville–Elk Township Fire Department, 680 A.2d 923 (Pa.Cmwlth.1996), appeal denied, 547 Pa. 720, 688 A.2d 174 (1997). The decree will not be disturbed unless it is not supported by the evidence or is demonstrably capricious. Id.

8. "Agency business" is defined in section 3 of the Sunshine Act as "[t]he framing, preparation, making or enactment of laws, policy or regulations, the creation of liability by contract or otherwise or the adjudication of rights, duties and responsibilities, but not including administrative action." 65 P.S. § 273.

take place. Thus, the Council's taking of witness testimony does not constitute official action under the Sunshine Act. It is only after the investigation is complete that the Council will determine if it should take official action against Taylor.

We further conclude that the Council's taking of witness testimony does not amount to "deliberation" as that term is defined in section 3 of the Sunshine Act. "Deliberation" is defined in the Sunshine Act as "[t]he discussion of agency business held for the purpose of making a decision." 65 P.S. § 273. Here, the taking of witness testimony as part of the Council's investigation of Taylor cannot be described as a "discussion of agency business" on the part of the Council members.

Because the Council's taking of witness testimony in this case amounts to neither "official action" nor "deliberation" under the Sunshine Act, that Act is inapplicable to the facts of this case; thus, the Council is not required to take the testimony at a meeting open to the public, and the trial court erred in concluding otherwise. Rather, the Council's acts can better be described as "unofficial action," well within the Council's rights and duties to act as a Borough Council, and, accordingly, may be conducted in private. *See, e.g.,* section 1014 of The Borough Code, 53 P.S. § 46014 (authorizing the Council to compel the attendance of witnesses and the production of evidence); section 1016 of The Borough Code, 53 P.S. § 46016 (authorizing the Council to examine witnesses under oath). We hasten to note, however, that once the Council's investigation of Taylor is complete and the Council is ready to take "official action," for example by firing or suspending Taylor, the Sunshine Act will apply.

Accordingly, we reverse the trial court's amended final decree.

### ORDER

AND NOW, this 19th day of November, 1998, the Court of Common Pleas of Lehigh County's amended final decree, filed February 2, 1998, is hereby reversed.