**PENNSYLVANIA STATE POLICE, Petitioner,**

v.

**Larry L. SWINEHART, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 1, 2003.
Decided May 7, 2003.

Daniel R.L. McGuire, Harrisburg, for petitioner.

Mitchell A. Sommers, Ephrata, for respondent.

BEFORE: COHN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.

The Pennsylvania State Police (PSP) appeal from an order of an Administrative Law Judge (ALJ) with the Office of Attorney General that upheld Larry L. Swinehart's appeal from the denial of his firearm application and restored his firearm privileges.

The following facts are pertinent. Swinehart had been convicted in 1985 of filing false and fraudulent tax returns under Section 268 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7268(a), a state crime punishable by up to three years imprisonment. On May 21, 2001, he attempted to purchase a firearm. The dealer requested that the PSP perform a criminal history record check, which revealed the 1985 conviction. The PSP, therefore, "denied" his request to purchase a firearm.[1] In July of 2001, Swinehart appealed this decision to

the Office of Attorney General. While the appeal was pending there, Swinehart filed a petition in the Court of Common Pleas of Lancaster County for "Restoration of Privileges Pursuant to the Pennsylvania Uniform Firearms Act." After conducting a hearing, wherein the Commonwealth was represented by the district attorney and the PSP were not present, Judge Allison, on January 2, 2002, entered the following order:

> [T]his Court hereby declares that the relief under 18 Pa.C.S. § 6105(d) is unnecessary due to the lack of disability to own, possess, or control a firearm pursuant to Pa. Law.

Thereafter, on March 27, 2002, the ALJ conducted a hearing and, on April 29, 2002, issued an order "overruling" the PSP's denial of Swinehart's application to purchase a firearm. An appeal by the PSP to this Court ensued.[2]

Before the ALJ, the PSP argued that "despite the fact that there is no reference to [Swinehart's] crime in [Section 6105 of the Pennsylvania Uniform Firearms Act of 1995, (Pennsylvania Firearms Act) 18 Pa. C.S. § 6105][3] under federal law . . . the

---

1. Section 6111.1(b)(1) of the Pennsylvania Firearms Act, 18 Pa. C.S. § 6111.1(b)(1), which vests the PSP with authority over these matters, states, in pertinent part, that it is the duty of the PSP to:
   (i) . . . review the [PSP] criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State Law.
   (iii) inform the licensee making the inquiry either: (A) that the potential purchase or transfer is prohibited; or (B) provide the licensee with a unique approval number.

2. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed or whether constitutional rights were violated. *Pennsylvania State Police v. Rush,* 773 A.2d 1277 (Pa.Cmwlth. 2001).

3. This provision pertinently states:

   > Persons not to possess, use, manufacture, control, sell or transfer firearms
   > **(a) Offense Defined.—**
   > (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
   > . . .
   > **(b) Enumerated Offenses.—**The following offenses shall apply to subsection (a):
   > . . .
   > Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent

penalty which [Swinehart] could have received for the misdemeanor conviction, 3 years, requires that Swinehart's crime be considered a disqualifying offense under [the Federal Gun Control Act of 1968 (Gun Control Act), 18 U.S.C. § 922(g)]." (Footnote added.) The Federal provision pertinently provides that "it shall be unlawful for any person ... convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess or receive a firearm. The ALJ stated that, if the above stated argument were the "only evidence" Swinehart advanced, the PSP "may have carried the day." However, relying on the order of Judge Allison, he concluded, *inter alia,* that under *Pennsylvania State Police v. Viall,* 774 A.2d 1288 (Pa.Cmwlth.2001), the PSP's position could not be upheld because "judicial intervention" rejected the application of Section 6105 to Swinehart.

█ On appeal, the PSP re-assert that a conviction under state law can result in a disability under Section 922(g) of the Gun Control Act, even where the conviction is not for an enumerated disability under the state law.

In *Pennsylvania State Police v. Grogan,* 790 A.2d 1093 (Pa.Cmwlth.2002), a case involving a Pennsylvania conviction for driving under the influence, the Court, sitting en banc, wrote:

> Section 922(g) of the Federal Gun Control Act, 18 U.S.C. § 922(g), prohibits any person who has been convicted of a crime with an attending imprisonment term of more than one year from possessing a firearm. Until 1986, federal law determined the effect of a state conviction, without regard to whether the state had expunged the conviction. But that has been modified by Section

921(a)(20) of the Federal Gun Control Act which provides in pertinent part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

> 18 U.S.C. § 921(a)(20)(emphasis added). Therefore, in determining whether a person has a disqualifying conviction, the federal courts must look to **state law** to determine what constitutes a conviction. Furthermore, the **law of the state of conviction, not federal law,** determines restoration of civil rights unless the state of conviction has not fully restored the right of its citizen to possess firearms, whereupon that citizen shall not be relieved of his federal firearms disability.

*Id.* at 1097–98 (citations omitted) (emphasis added in part and deleted in part).

In *Grogan,* the applicant sought and obtained an exemption from the trial court, and we held that it had the effect of relieving both state and federal firearms disabilities. In the case *sub judice,* the parties agree that the state statute, itself, does not list tax fraud as an enumerated offense, but that it was a state crime punishable by up to three years imprisonment. It, therefore, comes within the ambit of Section 922(g) of the Gun Control Act. Thus, we

to any of the above-enumerated offenses under the statutes of any other state or of the

United States.

■■■■■■■■■

agree with the ALJ that, but for the trial court's order, Swinehart's application would have been correctly denied.

■ We now come to the question of what effect Judge Allison's order has on this proceeding. The PSP argue that the order has no effect on Swinehart's firearms disability because it fails to grant him any relief. They also assert that they were not a party in the common pleas court proceeding, which involved only the District Attorney and Swinehart.[4] We note that the PSP made a similar argument in *Rush*,[5] but conceded there that they were without standing to challenge the matter, even if they had been given notice in the context of the admissibility of a previously court-ordered expungement of a certain portion of the applicant's criminal history. *Accord Commonwealth v. J.H.*, 563 Pa. 248, 759 A.2d 1269 (2000) (Supreme Court held that the PSP were without standing to contest the propriety or underlying merits of a lower court expungement order filed under the Criminal History Record Information Act, 18 Pa. C.S. §§ 9101–9183, because they were not an aggrieved party, since they were without "a sufficient interest in the subject matter," and they were not required to be notified until after the entry of the expungement order); *see also Pennsylvania State Police v. Paulshock*, 789 A.2d 309 (Pa.Cmwlth.2001) (citing *J.H.* for the proposition that the PSP could not attack an expungement order in the context of a relief from firearms disability case), *petition for allowance of appeal granted*, 571 Pa. 711, 812 A.2d 1232 (2002). Further, the Court, in *J.H.*, rejected the notion that forcing the PSP to follow the trial court's expungement order would cause it to violate its statutory mandate.

■ We hold that the PSP have waived their right to challenge the court's order. Unlike criminal history challenges brought in an expungement context, Section 6105(e) of the Pennsylvania Firearms Act, 18 Pa.C.S. § 6105(e), permits the Commissioner of the PSP to become a party in a case where relief from disability is sought in the trial court. Here, however, the Commissioner did not take advantage of the opportunity to do so and, consequently, did not appeal Judge Allison's order. Therefore, the PSP are estopped from collaterally challenging that order now in these proceedings.[6]

Based upon the foregoing discussion, the order of the ALJ is affirmed.

### ORDER

NOW, May 7, 2003, the order of the Administrative Law Judge in the above-captioned matter is hereby affirmed.

---

4. The ALJ noted that the PSP had notice of the proceedings and had sent a letter to the trial judge advising him of its position. (Record Item G.)

5. In *Rush*, the applicant had been convicted of various Vehicle Code offenses. He sought relief from firearms disabilities and the PSP tried to utilize criminal history information that had been previously ordered expunged.

6. We note that a recent amendment to that Act, appearing at Section 6505.1(d), 18 Pa. C.S. § 6505.1(d), provides that "[a] restoration of firearms rights under this section shall not result in the expungement of any criminal history record information...." This amendment became effective December 9, 2002.