Bryan Michael Sutton            :
                                      :
        v.                       :
                                        :
Pennsylvania State Police,     :     No. 886 C.D. 2021
             Appellant      :     Argued:  September 13, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE FIZZANO CANNON        FILED:  October 30, 2023

The Pennsylvania State Police (Police) appeal[1] from the portion of an order of the Court of Common Pleas of York County (trial court) that granted the amended petition of Bryan Michael Sutton (Sutton) for restoration of his firearms rights under Section 6105.1(a) of the Pennsylvania Uniform Firearms Act of 1995

---

[1] The Police originally filed their appeal in the Superior Court, which transferred the appeal to this Court by order dated June 8, 2021.

(Firearms Act),[2] 18 Pa.C.S. § 6105.1(a). Upon review, we affirm the trial court's order, albeit on different grounds.[3]

## I. Background

In June 1994 and again in March 1995, Sutton was arrested in Maryland and charged with possession of a dangerous substance--not marijuana, under Maryland law. He was convicted on both charges. The first offense carried a maximum sentence of incarceration for one year. The second offense carried a maximum sentence of 4 years at the time of Sutton's conviction, although that statutory maximum was later amended to 18 months. Sutton has not been convicted of any other crime with a maximum term of incarceration of more than one year.

Section 6105(a)(1) of the Firearms Act provides that a person convicted of any of several specified crimes "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1). However, Section 6105(d)(3), relating to "exemptions," allows a person to apply to the court of common pleas in his county of residence for reinstatement of his right to possess, transfer, or control a firearm; the court "shall" grant the requested relief if it determines that the applicant has met each of the following conditions:

> (i) The Secretary of the Treasury of the United States has relieved the applicant of an applicable disability imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction,

---

[2] 18 Pa.C.S. §§ 6101-6128.

[3] "[W]e may affirm an order for any reason, regardless of the trial court's rationale, so long as the basis for our decision is clear on the record." *Victoria Gardens Condo. Ass'n v. Kennett Twp.*, 23 A.3d 1098, 1103 n.10 (Pa. Cmwlth. 2011) (additional quotation marks omitted).

except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.

(ii) A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b), a felony violation of The Controlled Substance, Drug, Device and Cosmetic Act[4] or the offense which resulted in the prohibition under [the Federal Gun Control Act (Federal Gun Act),[5]] 18 U.S.C. § 922(g)(9).

18 Pa.C.S. § 6105(d)(3).

Section 6105.1(a) of the Firearms Act, relating to "restoration," provides:

(a) Restoration. — A person convicted of a disabling offense may make application to the court of common pleas in the county where the principal residence of the applicant is situated for restoration of firearms rights. The court shall grant restoration of firearms rights after a hearing in open court to determine whether the requirements of this section have been met unless:

(1) the applicant has been convicted of any other offense specified in section 6105(a) or (b) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms) or the applicant's conduct meets the criteria in section 6105(c)(1), (2), (3), (4), (5), (6) or (7);

(2) the applicant has been convicted of any other crime punishable by imprisonment exceeding one year as defined in section 6102 (relating to definitions); or

---

[4] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 – 780-144.

[5] 18 U.S.C. §§ 921-931.

3

> (3) the applicant's character and reputation is [sic] such that the applicant would be likely to act in a manner dangerous to public safety.

18 Pa.C.S. § 6105.1(a). Section 6105.1(e) of the Firearms Act defines a "disabling offense" as one which

> (1) resulted in a [f]ederal firearms disability and is substantially similar to either an offense currently graded as a crime punishable by a term of imprisonment for not more than two years or conduct which no longer constitutes a violation of law; and
>
> (2) was a violation of either of the following:
>
> > (i) the former act of May 1, 1929 (P.L. 905, No. 403), known as The Vehicle Code, or the former act of April 29, 1959 (P.L. 58, No. 32), known as The Vehicle Code; or
> >
> > (ii) the former act of June 24, 1939 (P.L. 872, No. 375), known as the Penal Code.

18 Pa.C.S. § 6105.1(e). Section 6105.1(e) defines the "[r]estoration of firearms rights" as

> [r]elieving any and all disabilities with respect to a person's right to own, possess, use, control, sell, purchase, transfer, manufacture, receive, ship or transport firearms, including any disabilities imposed pursuant to [the Firearms Act]. The phrase shall also mean the restoration of the right to vote, to hold public office and to serve on a jury.

*Id.*[6]

---

[6] Regarding the right to vote, Pennsylvania law did not impose any restriction on Sutton's rights once his incarceration ended. *See* 25 P.S. § 2602(w) (excluding from the definition of a "qualified absentee elector" any person "confined in a penal institution"); Sections 102 and 701 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, and 25 P.S. § 2811

4

Sutton's criminal records relating to both of his Maryland convictions were expunged by a Maryland court in 2019. *See* Reproduced Record (RR) at 22a-52a. In April 2020, Sutton, who now resides in Pennsylvania, filed a petition in the trial court seeking restoration of his right to possess, transfer, or control a firearm under Section 6105(d)(3) of the Firearms Act. He averred that Congress had not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief from his federal firearms restriction and that more than 10 years had passed since he completed the sentences for his Maryland convictions. *See* 18 Pa.C.S. § 6105(d)(3).

Sutton later amended his petition to seek restoration alternatively under Section 6105.1(a). Sutton claimed that in addition to preventing him from possessing, transferring, or controlling a firearm in Pennsylvania, his second Maryland conviction also rendered him ineligible to serve on a jury in Pennsylvania under Section 4502(a)(3) of the Judicial Code.[7] *See* 42 Pa.C.S. § 4502(a)(3)

---

(stating the general rule that "[e]very citizen of this Commonwealth eighteen years of age, possessing the following qualifications, shall be entitled to vote at all elections . . .").

Regarding the right to hold public office, article II, section 7 of the Pennsylvania Constitution disqualifies persons convicted of "infamous crimes" from holding public office. PA. CONST. art. II, § 7. An "infamous crime" is generally "[]either a felony []or a *crimen falsi* offense . . . ." *Commonwealth ex rel. Baldwin v. Richard*, 751 A.2d 647, 649 (Pa. 2000). Whether Sutton's Maryland convictions, which were punishable by one and four years of incarceration, respectively, were felonies under Maryland law does not appear in the record. However, they would not constitute felonies under Pennsylvania law. *See* 18 Pa.C.S. § 1103 (setting maximum felony sentences at 7 years for third degree felonies, 10 years for second degree felonies, and 20 years for third degree felonies). Possession of a controlled substance is also not a *crimen falsi* offense. *Commonwealth v. Coleman*, 664 A.2d 1381, 1384 (Pa. Super. 1995) (first citing *Commonwealth v. Correa*, 620 A.2d 497 (Pa. Super. 1993); and then citing *Commonwealth v. Candia*, 428 A.2d 993 (Pa. Super. 1981)).

Thus, as the trial court correctly observed, neither Sutton's right to vote nor his right to hold public office was at issue here.

[7] 42 Pa.C.S. §§ 101-9913.

(disqualifying from jury service any person who "has been convicted of a crime punishable by imprisonment for more than one year and has not been granted a pardon or amnesty therefor"). Sutton sought restoration of jury service rights as well as rights regarding firearms.

The trial court held a hearing on the petition in May 2020. At the hearing, the Police stipulated that Sutton met the requirements for restoration of his firearms rights under Section 6105(d)(3), in that Congress had not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief from his federal firearms restriction and more than 10 years had passed since Sutton had completed service of his sentences for his Maryland convictions, as required by 18 Pa.C.S. § 6105(d)(3). *See* RR at 42a. However, the Police opposed Sutton's request for relief under Section 6105.1(a).

In August 2020, the trial court issued an order granting relief under both Section 6105(d)(3) and Section 6105.1(a). *Sutton v. Pa. State Police* (York CCP, No. 2020-SU-000970, filed Aug. 11, 2020). The trial court granted relief restoring Sutton's right to possess, use, manufacture, control, sell or transfer firearms under Section 6105(d)(3), noting the Police's concession that Sutton had met the requirements for such relief. The trial court also granted relief restoring Sutton's right to own, possess, use, control, sell, purchase, transfer, manufacture, receive, ship, or transport firearms under Section 6105.1(a). However, the trial court did not grant restoration of Sutton's right to vote, hold public office, or serve on a jury. The trial court concluded that Sutton's right to vote was restored automatically upon his

6

release from incarceration and that he had never lost his right to hold public office.[8] The trial court concluded that it could not restore Sutton's right to serve on a jury.[9]

The Police timely appealed from the order granting relief only insofar as it restored Sutton's right to own, possess, use, control, sell, purchase, transfer, manufacture, receive, ship, or transport firearms under Section 6105.1(a). Sutton did not file a cross-appeal from the trial court's refusal to grant restoration of Sutton's right to vote, hold public office, or serve on a jury.

## II. Issues

On appeal, the Police assert three claims of error relating to the trial court's order granting relief under Section 6105.1(a),[10] which we reorder as follows. First, they posit that the trial court erred in determining that Sutton was eligible for

---

[8] *See supra* note 6, regarding Sutton's rights to vote and hold public office, which are not at issue in this appeal.

[9] The trial court cited Section 4502 of the Judicial Code in support for its conclusion that it lacked the authority to restore jury service rights. Section 4502(a)(3) provides:

> (a) General rule. — Every citizen of this Commonwealth who is of the required minimum age for voting for State or local officials and who resides in the county shall be qualified to serve as a juror therein unless such citizen:
>
> . . . .
>
> (3) has been convicted of a crime punishable by imprisonment for more than one year and has not been granted a pardon or amnesty therefor.

42 Pa.C.S. § 4502(a)(3).

[10] The Police's Concise Statement of Errors Complained of on Appeal listed five errors. To the extent that the additional issues have not been briefed, they are waived. *Morley v. City of Phila. Licenses & Inspections Unit*, 844 A.2d 637, 640 n.6 (Pa. Cmwlth. 2004) (first citing Pa. R.A.P. 2116(a); then citing *Coraluzzi v. Commonwealth of Pa.*, 524 A.2d 540 (Pa. Cmwlth. 1987); and then citing *Van Duser v. Unemployment Comp. Bd. of Rev.*, 642 A.2d 544 (Pa. Cmwlth. 1994)).

relief under the clear language of Section 6105.1(a). Second, they maintain that, contrary to what they assert was the trial court's reasoning, the expunction of Sutton's Maryland convictions did not lift any federal firearms disability. Third, they insist the trial court erred in concluding that the firearms disability imposed by Section 6105.1(a) is unconstitutional as applied to Sutton.

In its opinion under Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a) (1925(a) Opinion), the trial court posited that the Police were not aggrieved and therefore lacked standing to appeal. Further, the trial court suggested that if this Court reached the merits of the appeal, it should reject the Police's legal arguments. We address the issue of standing before considering the merits of the Police's appeal.

### III. Discussion[11]

### A. Standing and Mootness

As set forth above, the Police stipulated at the hearing before the trial court that Sutton was entitled to relief under Section 6105(d)(3). All of the Police's assertions of error on appeal relate solely to relief under Section 6105.1(a). The trial court reasoned that any relief that could be awarded on appeal would not alter the outcome of the case because the relief granted under Section 6105(d)(3) would still

---

[11] Our review of the trial court's disposition of a petition seeking restoration of firearms rights is limited to determining whether the trial court abused its discretion or committed an error of law or whether constitutional rights were violated. *See Commonwealth v. Markowitz* (Pa. Cmwlth., No. 671 C.D. 2022, filed May 10, 2023), slip op. at 4 n.5. However, the effect of the Maryland expunction on Sutton's federal firearms disability is a question of law over which we exercise plenary review. *See Pa. State Police v. Paulshock*, 789 A.2d 309, 315 (Pa. Cmwlth. 2001), *rev'd on other grounds*, 836 A.2d 110 (Pa. 2003).

be in effect. 1925(a) Opinion at 3-4. Accordingly, the trial court opined that the appeal should be dismissed for lack of standing. *Id.* at 4. We disagree.

Relief under Section 6105(d) does not remove, as such, a federal prohibition on obtaining or possessing firearms. *Pa. State Police v. Paulshock*, 836 A.2d 110, 115-16 (Pa. 2003); *see also Titus v. Pa. State Police* (Pa. Cmwlth., No. 1841 C.D. 2014, filed August 5, 2015),[12] slip op. at 9 (citing *Paulshock*). Further, the Police correctly assert that the relief available under Section 6105.1(a) is not "exactly duplicative" of the relief available under Section 6105(d)(3). Police Br. at 11 n.4. The Police observe that Section 6105(d)(3) "simply removes the individual's prohibition from owning or possessing firearms under Pennsylvania law," while Section 6105.1(a) provides for a restoration of "firearms rights" as defined by the Firearms Act. Police Br. at 9. As set forth above, such rights include rights to vote, hold public office, and serve on juries. 18 Pa.C.S. § 6105.1(e). Thus, an order regarding the effect of Section 6105(d)(3) would not automatically include all relief available under Section 6105.1(a). Accordingly, the Police's appeal in this case is not moot, and we will address the merits of the issues raised by the Police on appeal.

## B. Merits on Appeal
### 1. Plain Language of Section 6105.1(a)

In their first argument, the Police assert that Sutton is not entitled to relief under Section 6105.1(a) of the Firearms Act because neither of his Maryland convictions was a "disabling offense" as defined in Section 6105.1(e). Both Sutton and the Police base their analyses of a "disabling offense" on Section 6105.1(e)(2),

---

[12] We cite this decision as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

which limits "disabling offenses" to violations of the Vehicle Code or the Penal Code. 18 Pa.C.S. § 6105.1(e)(2). Sutton "concedes[] that the plain language of 18 Pa.C.S. § 6105.1 does not grant [him] relief[], as he was not convicted of a qualifying 'disabling offense' due to the geographic location of his arrest." Sutton Br. at 11. Thus, there is no dispute on this point.

We further observe that Section 6105.1(e)(1), although not addressed by the parties, likewise excludes Sutton's Maryland crimes from the definition of "disabling offenses," but for the reason that they no longer impose a federal firearms disability. *See* 18 Pa.C.S. § 6105.1(e)(1). The applicable federal statute provides, in pertinent part, that "[a]ny *conviction which has been expunged*[] or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of [the Federal Gun Act] . . . ." 18 U.S.C. § 921(a)(20).

As stated above, Sutton's Maryland criminal records relating to both convictions have been expunged by orders of a Maryland court. The Police argue that expunction is not the same in Pennsylvania as in Maryland, where records may be retained for certain law enforcement purposes. *See, e.g.*, *Mora v. State*, 735 A.2d 1122, 1123 (Md. 1999) (explaining that records subject to expunction under Maryland law do not include "investigatory files, police work-product records used solely for police investigation purposes, or records pertaining to certain motor vehicle or traffic offenses") (internal quotation marks omitted). However, the Police do not suggest that any of the purposes for which expunged records may be retained in Maryland relates to either rights to possess firearms or other civil rights such as voting, holding office, and serving on juries.

Moreover, it is the law of the jurisdiction in which the criminal proceedings were held that governs what constitutes a "conviction" for purposes of

a federal firearms restriction. *Titus*, slip op. at 13-14 (first citing 18 U.S.C. § 921(a)(20); and then citing *Caron v. United States*, 524 U.S. 308, 315-16 (1998)). In *Titus*, we held that a Maryland court order restoring the petitioner's right to possess firearms ended the existence of any "conviction" for purposes of imposing a federal firearms restriction. *Id.* We find our reasoning in *Titus* persuasive here. Like the restoration of rights in *Titus*, an expunction also excludes a state law conviction from the definition of a "conviction" under the Federal Gun Act, 18 U.S.C. § 921(a)(20). Accordingly, consistent with our analysis in *Titus*, we likewise conclude here that the expunction of Sutton's convictions under Maryland law removed the existence of any "conviction" for purposes of a federal firearms restriction.

For these reasons, Sutton's Maryland convictions do not meet the statutory definition of a "disabling offense" under either Section 6105.1(e)(1) or Section 6105.1(e)(2). *See* 18 Pa.C.S. § 6105.1(e)(1) & (2). However, that does not mean that the trial court's decision should be reversed. To the extent that the trial court erred by affirmatively granting relief under Section 6105.1(a), any such error was harmless, inasmuch as the Maryland court's expunction order automatically removed Sutton's Maryland convictions from the definition of a "conviction" under the Federal Gun Act by operation of law. Therefore, we conclude that there was no conviction for purposes of a federal firearms disability, and thus, no restriction under Section 6105.1(a) of the Firearms Act remained to be lifted.

## 2. Trial Court's Authority to Lift Federal Firearms Disability

In a related argument, the Police contend that the trial court erred and granted relief beyond its authority by determining that the expunction of Sutton's Maryland conviction records lifted his federal firearms disability. The Police insist

11

that a state court cannot grant relief from a restriction imposed by federal law. We reject this argument because it is not at issue in this case. As the trial court observed in its 1925(a) Opinion, its order did not purport to lift any federal firearms restriction. Thus, the Police are arguing against relief that was never granted.

We agree with the Police that a state court cannot order removal, as such, of a federal firearms disability. *See Paulshock*, 836 A.2d at 115-16. However, as explained above, it is state law – here, the law of Maryland – that determines whether a petitioner has the requisite disabling "conviction" to invoke a federal firearms restriction. Accordingly, a state court has jurisdiction to determine whether a petitioner has incurred a "conviction" giving rise to a restriction under the Federal Gun Act, 18 U.S.C. § 921(a)(20). *Caron*, 524 U.S. at 315-16; *Titus*, slip op. at 13-14. Indeed, the Police effectively concede this point, observing that "federal law may by operation of law recognize relief granted under state law and procedures." Police Suppl. Br. at 8. Here, by operation of law, no federal firearms disability remains, not because the trial court purported to remove it, but because Maryland's expunction of Sutton's convictions removed the disabling offenses that triggered it. However, notwithstanding the legal effect of the expunctions on any resulting federal firearms disability, the decision in this case did not opine on that effect. The trial court merely held that Sutton was entitled to relief under state law, *i.e.*, Section 6105.1.

Stated otherwise, Section 6105.1 of the Firearms Act relates to restoration of firearms rights previously restricted due to a disabling offense. The Firearms Act defines a disabling offense as one that, *inter alia*, resulted in a federal firearms disability. Federal law provides that once a state court expunges a criminal record, there is no conviction triggering a federal firearms disability. The law of the

state of the conviction determines whether there is a conviction/disabling offense for purposes of the federal statute, and a state court has jurisdiction to rule on that issue. Therefore, in summary, the trial court here had jurisdiction to determine whether the expunction of Sutton's Maryland convictions left no conviction for federal firearms disability purposes, such that Sutton was not subject to ongoing firearms disability under Section 6105.1.

Nonetheless, while the Police concede they "would not maintain [that Sutton] is still federally prohibited," they cryptically assert that "this honorable Court should reverse the order of the trial court under 18 Pa.C.S. § 6105.1 and simply hold that the trial court lacked any jurisdiction to make a pronouncement under federal law." *Id.* We decline this invitation to opine on an issue that it not before us in this case.

### 3. Constitutionality of Section 6105.1

Finally, the Police assert that the trial court erred in concluding that Section 6105.1 improperly infringed Sutton's Second Amendment[13] rights by failing to provide for relief based on his Maryland convictions although he would be entitled to relief had he been convicted of the same conduct in Pennsylvania. The Police maintain that (1) the trial court should not have reached any constitutional issue because Sutton did not raise it explicitly, and (2) having reached that issue, the trial court erred in holding that Section 6105.1 improperly infringed Sutton's Second

---

[13] The Second Amendment of the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. 2.

Amendment rights. Having already concluded that Sutton is not subject to any remaining firearms restriction, we need not reach this issue.

## IV. Conclusion

Based on the foregoing discussion, we affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

President Judge Cohn Jubelirer concurs in the result only.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryan Michael Sutton                           :
                                               :
                v.                             :
                                               :
Pennsylvania State Police,                     :    No. 886 C.D. 2021
                          Appellant            :

O R D E R

AND NOW, this 30th day of October, 2023, the order of the Court of Common Pleas of York County dated August 10, 2020 and docketed on August 11, 2020 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge